UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WESTON GOLDSTEIN | No.<br><br>Violation: Title 18, United States Code, Section 1343<br><br>**Information** |

1:25-cr-00399
Judge Thomas M. Durkin
Magistrate Judge Laura K. McNally
RANDOM / Cat. 3

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

    a. Defendant WESTON GOLDSTEIN was employed at Company A, a sports network company based in Chicago, Illinois. GOLDSTEIN served as Company A's Senior Director of Engineering.

    b. In connection with GOLDSTEIN's employment, GOLDSTEIN was responsible for procuring electronic devices for Company A and its employees.

    c. Company A provided certain employees with an American Express credit card to be used for business-related purchases. Company A also purchased business-related items through a formal procurement process that allowed Company A to send purchase orders directly to repeat suppliers.

    d. After a purchase was made using a Company A American Express credit card, Company A required that the person making the purchase identify the nature of the transaction and its business purpose.

    e. To make a purchase through Company A's formal procurement process, the person making the purchase was required to submit for approval a

1

purchase request identifying the purpose of the purchase to Company A personnel. If the request was approved, Company A would issue a purchase order to the supplier.

2. Beginning in or around January 2016 and continuing through in or around August 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

WESTON GOLDSTEIN,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud Company A, and to obtain money and property of Company A by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that GOLDSTEIN fraudulently used Company A American Express credit cards and its procurement process to purchase electronic devices. GOLDSTEIN then kept the electronic devices for his own uses, including selling and shipping them to others, and kept the proceeds of the scheme.

4. It was further part of the scheme that, in orders for electronic devices placed using Company A's procurement process, GOLDSTEIN falsely represented that the orders were for legitimate Company A purposes, knowing that he was purchasing the electronic devices for his own uses.

5. It was further part of the scheme that GOLDSTEIN convinced other Company A employees to give him access to Company A American Express credit cards for purportedly legitimate business expenses, when he knew that he was using the cards to purchase electronic devices for his own uses.

6. It was further part of the scheme that GOLDSTEIN made and caused to be made false representations regarding the purported business purpose of purchases made using Company A American Express credit cards, knowing that the purchases were not for legitimate business purposes.

7. It was further part of the scheme that, in order to conceal his misappropriation of funds from Company A, GOLDSTEIN used his position at Company A to conceal his unauthorized purchases by delaying his identification of the nature of those transactions and their business purpose within Company A's accounting system.

8. It was further part of the scheme that GOLDSTEIN misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme from Company A through various means.

9. As a result of the scheme, GOLDSTEIN fraudulently misappropriated approximately $4 million from Company A.

10. On or about September 29, 2021, in the Northern District of Illinois, Eastern Division, and elsewhere,

WESTON GOLDSTEIN,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, a credit card charge on a Company A American Express credit card in the amount of $12,006.19 at CDWDirect for electronic devices that GOLDSTEIN appropriated for his own uses, and not for Company A's benefit, which transaction was processed through servers located outside of Illinois;

In violation of Title 18, United States Code, Section 1343.

MICHELLE PETERSEN
Digitally signed by MICHELLE PETERSEN
Date: 2025.07.17 14:27:59 -05'00'

Signed by Michelle Petersen on behalf of the
UNITED STATES ATTORNEY